[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CLARIFICATION RE: DIVISION OF PROPERTY
This case is before the court on a motion by the defendant husband that the plaintiff convey to him the Tiffany lamp which the court ordered her to convey at the time of the original dissolution and that the court further order the plaintiff to pay the defendant the sum of $12,961.76. The second request is based on the court's order that all remaining cash and securities be divided equally between the parties.
The securities in question were pledged as collateral for loans of the defendant with the Bank of Boston. The defendant defaulted on the loans although he was obligated by the court order to pay them off, and the bank sold the collateral to pay off the loans. At the time the collateral was sold the market was down, and the value of the collateral was much less than it was at the time of the dissolution. Thus the value at the time of the dissolution was $186,243.63 but at the time of the liquidation by the bank it was $123,000.00.
In addition, the court had ordered all stock and bank accounts divided equally between the parties. There appears to have been some $15,353.00 in Mrs. Bonser's bank account and $51.54 in Mr. Bonser's account. Dividends were also paid on the securities and they amounted to $3,504.28 making the total assets valuing the stocks at liquidation of $141,938.56. Each party's share in that was $70,969.28.
The loans outstanding to which the bank applied the collateral was $91,188.12. This meant that some $20,218.74 of the plaintiff's share of the stocks and bank accounts was used CT Page 185 to pay the loans.
While counsel has argued that the value of the stocks should be as of the time of the dissolution and, therefore, the defendant is owed money from the plaintiff rather than the reverse, the order at the time of the dissolution was not the amount of money the stocks represented but the stocks themselves. The value found at the time of the dissolution was the basis for determining how to divide the shares equally not to award the parties an amount certain.
Furthermore, since both parties had the opportunity, although perhaps not the ability, to pay off the loans in question and this prevent the sale of the collateral, it would appear that they must suffer the consequences of the reduction in value of the stocks.
In any event, it is clear to the court that the defendant owes the plaintiff the sum of $20,218.74 representing the difference between her one half share of the total assets including the stock at liquidation and the value of the part of her shares used to pay off the loans.
The defendant is, therefore, ordered to pay the plaintiff the sum of $20,218.74.
In addition, the Tiffany family lamp was ordered transferred by the plaintiff to the defendant. If that has not already done, the plaintiff is now ordered to do it within two weeks following the date of this decree.
It is so ordered.
MARGARET C. DRISCOLL, STATE TRIAL REFEREE